**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5054-18

GENOVA BURNS, LLC,

     Plaintiff-Respondent,

v.

JUNE JONES,

     Defendant,

and

MORRIS CANAL
REDEVELOPMENT AREA
COMMUNITY DEVELOPMENT
CORP.,

     Defendant-Appellant.

_____

Submitted January 26, 2021 – Decided April 28, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4101-15.

Vincent J. D'Elia, attorney for appellant.

Genova Burns, LLC, attorneys for respondent (Joseph A. Bottitta, of counsel and on the brief).

PER CURIAM

Defendant Morris Canal Redevelopment Area Community Development Corporation (Morris Canal) appeals from an order[1] denying its cross-motion to vacate a judgment and an order confirming an arbitration award that resulted in the judgment. Because we see no abuse of discretion by the trial court, we affirm.

I.

On June 10, 2015, plaintiff Genova Burns LLC filed a complaint, asserting Morris Canal and its executive director June Jones owed plaintiff an outstanding balance of $73,335.65 for legal services. Plaintiff alleged that on October 2, 2014, it had sent by regular and certified mail notice to defendants of the outstanding balance and of defendants' right to pursue fee arbitration pursuant to Rule 1:20A-6. According to plaintiff, defendants requested fee arbitration before the Essex County Fee Arbitration Committee and were advised Essex

---

[1] Morris Canal listed additional orders in its amended notice of appeal but did not address them in its brief. "An issue not briefed is deemed waived." W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 459 (App. Div. 2008). Accordingly, we limit our consideration of the appeal to the June 5, 2019 order denying Morris Canal's cross-motion.

County was not the proper venue, but never filed their fee arbitration request with the correct committee, the Hudson County Fee Arbitration Committee.

On July 21, 2017, the court granted defendants' motion for leave to file an amended answer, to re-open and extend the discovery period by 120 days, and to dismiss Jones from the case. The court executed a form of order submitted by Vincent J. D'Elia, Esq., on behalf of defendants.

The parties were required to participate in arbitration pursuant to Rule 4:21A-1. The arbitration originally was scheduled for September 28, 2016. After thirteen adjournments, the arbitration ultimately was scheduled to take place on June 27, 2018. The court sent notice of that arbitration date to D'Elia, as Morris Canal's counsel of record. Neither Morris Canal nor its counsel appeared at the arbitration. The arbitrator, finding "[a]ll proofs in order," awarded plaintiff $73,335.65. According to plaintiff's counsel, plaintiff served a copy of the award on Morris Canal on June 28, 2018.

On July 27, 2018, D'Elia on behalf of Morris Canal filed a "notice of demand for trial de novo" pursuant to Rule 4:21A-6(b)(1) and -6(c). In a letter dated August 7, 2018, plaintiff objected to Morris Canal's demand, citing Rule 4:21A-4(f), which provides, "[i]f a party defending against a claim of damages does not appear, that party's pleading shall be stricken, the arbitration shall

proceed and the non-appearing party shall be deemed to have waived the right to demand a trial de novo." In an order dated August 22, 2018, the court concluded the demand for trial de novo was "non[-]conforming," noting that Morris Canal had not appeared at the arbitration.[2] The court posted notice of that denial on e-courts and emailed it to D'Elia.

On July 27, 2018, Benjamin Morton, Esq., purportedly on behalf of Morris Canal, filed a motion "to vacate fee arbitration default judgment." In the notice of motion, Morton stated the motion was "primarily based" on the fact that he had submitted a letter to the court requesting an adjournment of the arbitration because he was involved in a trial, he understood the arbitration had been adjourned, and he had not received notice that it had not been adjourned. Morton, however, was not counsel of record for Morris Canal at the time of the arbitration or when he filed the motion to vacate. The court deemed the motion deficient for several reasons: it did not include an attorney certification, proposed form of order, or certification of service; it was filed under a Hudson County Special Civil Part caption instead of an Essex County Law Division

---

[2] Contrary to those findings, the form of order indicated that the arbitration award was vacated. On August 23, 2018, the court issued a notice clarifying that the order vacated the trial de novo, not the arbitration award.

caption; and the attorney listed was incorrect. The deficiencies were not cured, and the motion was subsequently withdrawn.

On July 31, 2018, Morton filed a motion to substitute counsel, relieving D'Elia and substituting himself in as counsel for Morris Canal. The motion included a "Withdrawal/Substitution of Counsel," which was dated April 10, 2018, and was executed by Morton, D'Elia, and Jones, who indicated they consented to the substitution "as of February 26, 2018." Morris Canal did not explain why the motion was filed several months after that document was executed. The court granted the motion on August 31, 2018.

On October 9, 2018, plaintiff filed a motion to confirm the arbitration award. On November 9, 2018, the court granted the motion, confirmed the arbitration award, and ordered that judgment in the amount of $73,335.65 be entered against Morris Canal. In its order, the court acknowledged receiving from Morton a letter that appeared to be untimely opposition to the motion and a request to be relieved as counsel.[3] The court considered the letter but found it had "no effect on this court's decision because the opposition acknowledges that

---

[3] Morton also submitted his certification in which he complained that although he had requested an adjournment of the arbitration, he had not received notice of the arbitration. Because Morton was not counsel of record at the time of the arbitration, the court had no reason to send him notices.

this [c]ourt denied [Morris Canal's] request for a Trial De Novo. Morton took no further action after the denial until [p]laintiff filed the within motion to confirm the arbitration award." The court denied the request to be relieved as counsel as "procedurally improper" because "a formal motion must be filed." The court also acknowledged receiving a letter that day from D'Elia. The court stated it would not consider the letter because D'Elia previously had been relieved as counsel.

On November 27, 2018, plaintiff submitted to the court a form of final judgment. On December 14, 2018, the court executed final judgment in the amount of $73,335.65, stating the application for final judgment was unopposed. The judgment was subsequently docketed. Notice was posted on e-courts and sent by email to Morton and D'Elia. A writ of execution was filed on January 8, 2019.

Plaintiff filed an order to show cause, seeking an order compelling an accounting, setting aside any fraudulent transfers, preventing additional monetary transfers, and appointing a receiver. The court issued the order to show cause on March 4, 2019. On March 12, 2019, D'Elia, on behalf of Morris Canal, filed a cross-motion to vacate, pursuant to Rule 4:50-1(a), (e), and (f),

A-5054-18

the December 14, 2018 judgment and the November 9, 2018 order.[4] In support of its cross-motion, Morris Canal submitted a certification of Jones, in which she complained about plaintiff's legal services and invoices, and a certification of D'Elia, in which he confirmed that the substitution of counsel was filed after the arbitration and asserted that after Jones had told him in February 2018 that "Mr. Morton was her new attorney," he understood "[n]o work was supposed to be performed by me."

On June 5, 2019, the court denied plaintiff's application for a preliminary injunction, finding plaintiff had not met the required elements of Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982), and denied Morris Canal's cross-motion, finding it had not met the requirements of Rule 4:50-1. Specifically, the court held Morris Canal had failed to demonstrate excusable neglect, inadvertence, surprise, or that the judgment was void or based on fraud.[5]

Morris Canal appeals the June 5, 2019 order denying its cross-motion to vacate the judgment pursuant to Rule 4:50-1. It argues the court abused its

---

[4] D'Elia also apparently filed on the same day a "motion to vacate default judgment and restore." Morris Canal did not include copies of those motion papers in its appendix or reference the motion in its brief.

[5] The court issued two orders, one denying Morris Canal's cross-motion and one denying its motion to vacate default. Both orders reference a motion for reconsideration, which appears to be an error.

discretion by "failing to apply the correct standard of <u>Rule</u> 4:50-1 particularly subdivision (f), based upon negligence of the attorney for Morris Canal . . . while Morris Canal was itself blameless, and demonstrated a meritorious defense to [plaintiff's] claims for legal fees." It asserts it established excusable neglect, citing the failures of its attorney. It contends that under <u>Rule</u> 4:21-4(f), it had to show only "a reasonable excuse" for its failure to appear at the arbitration and a meritorious defense.

## II.

We review decisions on motions to vacate judgments under an abuse-of-discretion standard. "The trial court's determination under [<u>Rule</u> 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." <u>US Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 467 (2012); <u>see also</u> <u>U.S. Bank Nat'l Ass'n v. Curcio</u>, 444 N.J. Super. 94, 105 (App. Div. 2016). An abuse of discretion occurs when a trial judge's decision "was not premised upon consideration of all relevant facts, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." <u>Masone v. Levine</u>, 382 N.J. Super. 181, 193 (App. Div. 2005); <u>see also</u> <u>State v. R.Y.</u>, 242 N.J. 48, 65 (2020).

A-5054-18

Morris Canal cross-moved to vacate the December 14, 2018 judgment and November 9, 2018 order pursuant to Rule 4:50-1, specifically referencing in its notice of motion subparts (a), (e), and (f). Those subparts allow a court to vacate a final judgment or order for "(a) mistake, inadvertence, surprise, or excusable neglect"; because "(e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application"; or for "(f) any other reason justifying relief from the operation of the judgment or order."  R. 4:50-1(a), (e), and (f).[6]

Morris Canal faults the court for not applying the "good cause" standard of Rule 4:21A-4(f). "Relief from a default judgment entered pursuant to an arbitration award is ordinarily found in [Rule] 4:21A-4(f)." SWH Funding Corp. v. Walden Printing Co., 399 N.J. Super. 1, 9 (App. Div. 2008). Rule 4:21A-4(f)

_____

[6] Morris Canal incorrectly asserts that it also moved pursuant to subpart (c), which provides for vacation of a judgment due to "fraud . . . , misrepresentation, or other misconduct of an adverse party." R. 4:50-1(c). Its notice of motion belies that assertion. See Alloco v. Ocean Beach & Bay Club, 456 N.J. Super. 124, 145 (App. Div. 2018) (applying "well-settled" principle that appellate court will not consider an issue that was not raised before the trial court). Moreover, Morris Canal does not in this appeal make any arguments about fraud under subpart (c) or the judgment being satisfied or void under subpart (e). Accordingly, we do not address those subparts. See W.H. Indus., Inc., 397 N.J. Super. at 459 (stating "[a]n issue not briefed is deemed waived").

sets the consequences for failure to appear at a <u>Rule</u> 4:21A-1 arbitration: "[i]f a party defending against a claim of damages does not appear, that party's pleading shall be stricken, the arbitration shall proceed, and the non-appearing party shall be deemed to have waived the right to demand a trial de novo." It also establishes the procedure to obtain relief from those consequences: "[r]elief from any order entered pursuant to this rule shall be granted only on motion showing good cause, which motion shall be filed within 20 days of the date of service on the non-appearing party." <u>Ibid.</u>

After service of the arbitration award, Morris Canal through its counsel of record D'Elia, attempted to file a demand for a trial de novo. The court correctly rejected that demand because by failing to appear at the arbitration, Morris Canal was "deemed to have waived the right to demand a trial de novo." <u>R.</u> 4:21A-4(f). Morton, who was not then counsel of record, attempted to file a motion "to vacate fee arbitration default judgment." The court correctly found that motion to be deficient,[7] and the motion was subsequently withdrawn. Morris Canal cannot now avail itself of the "good cause" standard of <u>Rule</u> 4:21A-4(f)

---

[7] Even if it had not been deficient, the motion would have been untimely, having been filed more than twenty days after service of the arbitration award.

when it failed to file the motion that would have rendered that standard applicable.

Morris Canal argues it demonstrated "excusable neglect" under Rule 4:50-1(a) based on the "failure of its attorney . . . to inform [Morris Canal] that the [a]rbitration had been scheduled."  As we emphasized in SWH Funding Corp., 399 N.J. Super. at 10, "'good cause' under [Rule] 4:21A-4(f) is not synonymous with the 'excusable neglect' standard in [Rule] 4:50-1(a)." "Excusable neglect" under subpart (a) may be found when "the default" was "'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Guillaume, 209 N.J. at 468 (quoting Mancini v. Eds ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 300, 335 (1993)).

Although attorney carelessness, lack of diligence, and inadvertence may be enough to establish good cause, they are "insufficient grounds for the establishment of excusable neglect."  Burns v. Belafsky, 326 N.J. Super. 462, 471 (App. Div. 1999), aff'd, 166 N.J. 466 (2001); see also SWH Funding Corp., 399 N.J. Super. at 10 (finding "Rule 4:50-1(a) relief [was] not available, because inadvertence of counsel alone is insufficient, as a matter of law, to establish 'excusable neglect'").  The trial court did not abuse its discretion in finding Morris Canal had not established excusable neglect.

11

Morris Canal focuses its appeal on subpart (f), the "catchall provision" of Rule 4:50-1. A.B. v. S.E.W., 175 N.J. 588, 593 (2003). "Because of the importance that we attach to the finality of judgments, relief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present.'" Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)); see also Guillaume, 209 N.J. at 484.

Morris Canal argues the trial court should have applied the Jansson[8] factors we utilized in Parker v. Marcus, 281 N.J. Super. 589, 593-94 (App. Div. 1995), to determine whether its counsel's negligence constituted "truly exceptional circumstances" meriting relief under Rule 4:50-1(f). In Parker, the plaintiff "made every effort to keep in contact with his attorney during the pendency of his case," received incorrect information from his attorney regarding the status of the case, and took immediate action when he learned of his attorney's misdeeds. 281 N.J. Super. at 594. That is not the record before us. This case does not present "truly exceptional circumstances" meriting relief under Rule 4:50-1(f).

---

[8] Jansson v. Fairleigh Dickinson Univ., 198 N.J. Super. 190, 195 (App. Div. 1985).

A-5054-18

We see no abuse of discretion in the trial court's denial of Morris Canal's cross-motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5054-18