647 A.2d 476

DEOGRACIA ALBARRAN AND ROBERTA ALBARRAN, PLAINTIFFS–RESPONDENTS, v. JOSEPH J. LUKAS AND J. LUKAS, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued June 1, 1994—Decided September 23, 1994.

Before Judges KESTIN and WEFING.

*John Badagliacca* argued the cause for appellants (*Garrity, Graham, Hawkins & Favetta,* attorneys; *Mr. Badagliacca,* on the brief).

*Thomas Grealis* argued the cause for respondents (*Juman & Juman,* attorneys).

The opinion of the court was delivered by

KESTIN, J.A.D.

After issue had been joined in this personal injury action, defendants served plaintiffs with interrogatories on June 24, 1989.

No answers were served. More than five months later, following unsuccessful attempts to communicate with plaintiffs' attorneys both by letter and telephone, defendants moved, on notice, pursuant to *R.* 4:23–5(a), as it then provided, for dismissal of the complaint. No response to the motion was filed. The complaint was dismissed on December 4, 1989, and a copy of the order was served on plaintiffs' attorneys. Plaintiffs made no motion to vacate the dismissal, as contemplated in the rule at that time.

On November 9, 1990, almost eleven months following entry of the order of dismissal, and after *R.* 4:23–5 had been amended to its present form, defendants moved, again with notice, under subparagraph (a)(2) of the rule, for an order dismissing the case with prejudice. No response to this motion was filed, and plaintiffs' attorneys did not discharge their other obligations under the rule. The requested order of dismissal with prejudice was duly entered and a copy was served on plaintiffs' attorneys.

Over a year later, plaintiffs moved to reinstate the complaint, citing the conduct of "a disgruntled employee who closed files without reason and without [plaintiffs' attorneys'] knowledge" as the explanation for their failure to respond on four different occasions in the distant past. The motion was opposed by defendants. After a responding affidavit from plaintiffs' attorneys was filed, urging "excusable neglect," the motion was denied. The order was served on defendants' attorneys by letter dated about six weeks after the date the order was entered.

No appeal was taken from the order denying the reinstatement motion. Nothing was filed in the matter for twenty-one additional months after that denial, at which time plaintiffs moved again to reinstate the complaint. Additional detail was provided concerning the "disgruntled secretary" who had "thrown out" "[t]he various motions and orders sent to [plaintiffs' attorneys'] office by defense counsel" before any attorney in the firm could see them. Additionally, "[t]o further compound this problem, when the court's order denying our motion was received ... the file was mistakenly closed [because of] the confusion of the secretary who

had taken the place of the aforementioned offending secretary." Defense counsel filed opposition to this second motion to reinstate the complaint. The motion was granted. Defendants appeal. We reverse.

R. 4:23–5 is crystal-clear in its intendment and its mechanics. After a party has defaulted in her discovery obligations and has failed to respond or initiate action on each of the occasions provided in the rule, that party has foregone four opportunities to discharge her responsibilities as a litigant. The final step is a dismissal or suppression of a pleading with prejudice.

Even in the face of the four defalcations necessary for the rule to operate in this matter, the New Jersey Court Rules provide three additional opportunities to a party who seeks to avoid the consequence contemplated by the rule. Under R. 4:49–2, a motion for reconsideration may be made within ten days; and, pursuant to R. 2:4–1(a), an appeal may be taken within 45 days. Further, R. 4:50, provides one last chance for obtaining relief from such a final order by reason of excusable neglect, R. 4:50–1(a), within one year. R. 4:50–2. Because a case such as this does not embody "any other reason justifying relief from the operation of the ... order", R. 4:50–1(f), no further opportunities exist. In this case, whether one counts from the entry of the order of dismissal with prejudice (almost three years) or from the denial of the first motion to reinstate (twenty-one months), plaintiffs did not come close to meeting the one-year time limit of R. 4:50. In sum, the Rules of Court do not envision a hiatus of nearly two years after the entry of an R. 4:23–5 order dismissing a case or suppressing a pleading with prejudice before a party is heard from again.

Plaintiffs cite our decision in *Jansson v. Fairleigh Dickinson Univ.*, 198 *N.J.Super.* 190, 486 *A.*2d 920 (App.Div.1985) as establishing a more permissive approach to their situation than we are inclined to apply. *Jansson* was decided before the 1990 amendment to R. 4:23–5, signalled by the Supreme Court's decision in *Aujero v. Cirelli*, 110 *N.J.* 566, 542 *A.*2d 465 (1988). That amendment, was designed to deal with

the continuing and exacerbated problem of late answers to interrogatories, the uneven response of the trial courts in dealing with late answers and the increasing ineffectiveness of the sanction provisions of this rule to achieve a significant improvement.

[Pressler, *Current N.J. Court Rules*, comment 3 on *R.* 4:23-5 (1994).]

It crafted a more indulgent pre-dismissal-with-prejudice procedure in exchange for a less forgiving post-dismissal-with-prejudice procedure. Given the ample (four) opportunities for a party to avoid dismissal or suppression with prejudice under the rule, complemented by the three additional opportunities existing in other rules to undo such a sanction within a year, we perceive no reason why our approach in *Jansson* should continue to govern this discovery default problem. The events in this case following upon the initial dismissal occurred after the adoption of the 1990 amendments to *R.* 4:23-5. It is clear that, as this matter was treated by defense counsel and the trial court, plaintiffs were afforded every opportunity embodied in the current version of the rule as well as the former version.

We hold, as we did in *Feinsod v. Noon,* 261 *N.J.Super.* 82, 617 *A.*2d 1234 (App.Div.1992), that when the time and notice requirements of *R.* 4:23-5 have been satisfied and an order dismissing the case with prejudice is entered, that dismissal constitutes an adjudication on the merits. With plaintiffs' failure to meet the time requirements of *R.* 4:49-2, *R.* 2:4-1(a) or *R.* 4:50, the trial court, therefore, lacked the jurisdiction to entertain plaintiffs' second motion to reinstate the complaint.

Reversed and remanded for entry of an order dismissing the complaint.