**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5340-17T1

ALLSTATE INDEMNITY
COMPANY, ALLSTATE
INSURANCE COMPANY,
and ALLSTATE NEW JERSEY
INSURANCE COMPANY,

    Plaintiffs-Respondents,

v.

KAMEL KAZAN, D.C., SALVATORE
SANTANGELO, D.C., NART TSAY,
D.C., MIGUEL PAGAN, D.C., JOHN K.
BURGER, D.O., JOAN VAN RAALTE,
D.M.D., WAYNE MILLER, D.C.,
TATIANA SHARAHY, M.D., JENNIFER
O'BRIEN, GIOVANNI DURAN, PTA,
GARY REYES, BERGEN PHYSICAL
THERAPY, LLC, PATERSON
CHIROPRACTIC CENTER, PC,
HEALTH ONE MEDICAL & PHYSICAL
REHABILITATION, LLC, INNOVATIVE
SPINE CARE, LLC, INNOVATIVE SPINE
CARE MEDICAL CENTER, LLC, d/b/a
PURE ANTIAGING MEDICAL CENTER,
JOAN VAN RAALTE, D.M.D, PC,
WILLIAM G. VANDERVEER, and
VANDERVEER SALES AND
MARKETING, LLC,

Defendants,

and

TAE YOUNG HONG, D.C. and
MODERN ACUPUNCTURE, LLC,

Defendants-Appellants,

and

ALLSTATE PROPERTY AND
CASUALTY COMPANY,
NORTHBROOK INDEMNITY,
ALLSTATE FIRE & CASUALTY
INSURANCE COMPANY,
ENCOMPASS INSURANCE
COMPANY, ENCOMPASS
PROPERTY AND CASUALTY
INSURANCE OF NEW JERSEY,
and ENCOMPASS INSURANCE
COMPANY OF NEW JERSEY,

Plaintiffs.

_____

Submitted September 16, 2019 – Decided January 6, 2020

Before Judges Rothstadt, Moynihan, and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7550-13.

Ameri & Associates, LLC, attorneys for appellants (Dominick Succardi and Jonathan J. Mincis, on the briefs).

A-5340-17T1

Kennedy Vuernick, LLC, attorneys for respondents (Richard E. Vuernick, of counsel; Gabrielle H. Pohlman, of counsel and on the brief).

PER CURIAM

In this action filed by plaintiffs that alleged insurance fraud against a group of medical professionals and their related businesses, defendants Tae Young Hong, D.C. and his company, Modern Acupuncture, LLC appeal from the Law Division's June 11, 2018 order denying their Rule 4:50-1(f) motion to vacate an earlier order granting plaintiffs summary judgment. In support of their motion to vacate, defendants argued that they did not oppose plaintiffs' motion for summary judgment because their prior attorney was negligent and failed to respond to plaintiffs' motion without telling them. The motion judge rejected their argument, finding that defendants did not demonstrate exceptional circumstances because they were not "blameless litigants" and they failed to prove that their prior counsel's negligence was the reason that plaintiffs' motion went unanswered. We affirm substantially for the reasons expressed by the motion judge in her June 11, 2018 written decision issued with the order under appeal.

Plaintiffs filed their original complaint against defendants in 2013, and they filed an answer in 2014. In April 2017, plaintiffs filed their motion for

summary judgment. The motion judge granted the unopposed motion in June 2017 and awarded plaintiffs approximately $1.6 million in damages.

On the date scheduled for trial of plaintiffs' remaining claims as to other parties, defendants' prior attorney filed a motion in limine to vacate the judgment. According to defendants, "[t]hroughout the pendency" of this action, their prior attorney was difficult to contact and rarely updated them as to the status of their case. They also alleged that he did not advise them of plaintiffs' motion for summary judgment, about which they were unaware until October 2017, when their bank informed them that their accounts had been frozen pursuant to plaintiffs' judgment lien and levy.

When defendants contacted their attorney, he allegedly informed them that the accounts were frozen in error and that he would file a motion to remove the levy, which he did as the motion in limine, without notice to his clients or to plaintiffs. In the attorney's supporting certification, he stated that defendants had filed a timely answer to plaintiffs' complaint, engaged in discovery, and did not respond to the summary judgment motion because one of the co-defendants, Gary Reyes, was in default and had not participated in discovery.

The motion judge denied the in limine motion to vacate on October 2, 2017. In her order, the judge stated that the motion had been filed on the actual

trial date, without proper notice to the other parties, "seemingly without any legal support," and that defendants "have coasted along the litigation and did not oppose [the] summary judgment decision or order, nor did they timely move to reconsider."

After they secured new counsel, defendants filed another motion in January 2018 under Rule 4:50-1(f) for relief from the final judgment, arguing that exceptional circumstances existed because their former attorney failed to oppose the summary judgment motion. According to defendants' supporting certification, despite their efforts to be in contact with their former attorney, "[t]hroughout the pendency" of the matter, he never communicated with them or otherwise kept them informed about the litigation. However, they also stated that in April 2017, before the summary judgment was filed, their attorney appeared with them at depositions. Defendants did not include any supporting documents reflecting their attempts throughout the years to contact counsel, nor information, if any, he could have filed in opposition to summary judgment sought by plaintiffs.

A-5340-17T1

On June 11, 2018, the motion judge denied defendant's motion and issued a twenty-three page written decision setting forth her reasons.[1] The judge determined that no exceptional circumstances were present and that defendants were not blameless litigants. The judge observed that defendants were not without the ability to sue their prior attorney for any alleged wrongdoing, and there were no facts or evidence demonstrating that the attorney committed malpractice—rather, the evidence "present[ed] the possibility of other reasons for not responding [to] the . . . motion in 2017, including for strategic reasons."

The judge concluded that, based on the record, defendants did not make reasonable efforts to stay apprised of the case status and the evidence in the record belied their contention that their attorney was ignoring them or that they were dissatisfied with his performance. According to the judge, if it were true that counsel ignored them for over three years as defendants alleged, they would have retained a new lawyer. As the judge pointed out, defendants stated their attorney represented them at an April 17, 2017 deposition, "notwithstanding [defendants'] purported dissatisfaction . . . prior to that event."

---

[1] The decision also addressed other post-judgment motions relating to plaintiffs' collection efforts.

A-5340-17T1

Characterizing defendants as not "unsophisticated litigant[s], but instead . . . learned professional[s]," the judge stated it made "no sense" that they continued to pay legal fees for four years despite repeatedly being ignored by their attorney. The judge found that defendants played a role in the events that led to plaintiffs' judgment by failing to take any action to insure their interests were protected. For those reasons, she denied their motion. This appeal followed.

On appeal, defendants contend that they established the exceptional circumstances required to vacate a judgment under Rule 4:50-1(f). They also argue the motion judge erred by not applying our holdings in Jansson v. Fairleigh Dickinson Univ., 198 N.J. Super. 190 (App. Div. 1985), and Parker v. Marcus, 281 N.J. Super. 589 (App. Div. 1995), by determining they were not blameless litigants and by requiring defendants to prove "a likelihood of success on the merits." We disagree.

We review the denial of a Rule 4:50-1(f) motion for a clear abuse of discretion. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994); Piscitelli v. Classic Residence by Hyatt, 408 N.J. Super. 83, 102 (App. Div. 2009). An abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).

Rule 4:50-1(f) provides that "the court may relieve a party . . . from a final judgment or order for . . . any . . . reason justifying relief from the operation of the judgment or order." "The very essence of that subdivision is its ability to afford relief in exceptional situations." Hodgson v. Applegate, 31 N.J. 29, 41 (1959). In order to obtain relief under subsection (f)'s "catch-all" provision, a movant must satisfy a heavy burden of demonstrating "exceptional" circumstances. See Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966); see also Hous. Auth. of Morristown, 135 N.J. at 286; Badalamenti ex rel. Badalamenti v. Simpkiss, 422 N.J. Super. 86, 103 (App. Div. 2011). "[B]ecause of the importance . . . attach[ed] to the finality of judgments, relief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present.'" Guillaume, 209 N.J. at 484. "The rule is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Ibid.

To determine whether exceptional circumstances exist, courts consider: "(1) the extent of the delay, (2) the underlying reason or cause, (3) the fault or blamelessness of the litigant, and (4) the prejudice that would accrue to the other party." Jansson, 198 N.J. Super. at 195. Rule 4:50-1(f) does not require the demonstration of a likelihood of success on the merits. See Guillaume, 209 N.J. at 457-58 (stating that a meritorious defense must be demonstrated under Rule 4:50-1(a), but that only exceptional circumstances must be proved under Rule 4:50-1(f)).

In Parker and Jansson we addressed the need to protect a "blameless" litigant from the sins of his errant attorney by vacating dismissals of their complaints. In Parker, we considered the blamelessness of a plaintiff whose attorney allowed the case to be dismissed by failing to appear for an arbitration, failed to notify the client of the dismissal, later "apologized . . . for lying, and explained that he had numerous personal and ethical problems." Parker, 281 N.J. Super. at 592. There, we found plaintiff to be a "blameless litigant" where "[h]e made every effort to keep in contact with his attorney during the pendency of his case and was assured that the matter had not been scheduled for trial because of a calendar backlog." Id. at 594. We found exceptional circumstances based upon the plaintiff's attorney's malpractice in the handling of the plaintiff's case and the fact that the plaintiff likely had no remedy against the attorney who had since become disbarred. Ibid.

In Parker, we also described our holding in Jansson as follows:

> Plaintiffs' complaint in Jansson had been dismissed because their attorney failed to send answered interrogatories to defense counsel. . . . [W]e held that plaintiffs were entitled to relief because they "were, themselves, entirely blameless." . . . [W]e observed "[w]e believe that in the absence of demonstrable prejudice to the other party it is neither necessary nor proper to visit the sins of the attorney upon his blameless client."
>
> [Id. at 593-94 (fifth alteration in original) (quoting Jansson, 198 N.J. Super. at 196).]

9

With these guiding principles in mind, we turn to the motion judge's reasoning here, and we discern no abuse of discretion. We affirm substantially for the reasons expressed by the motion judge in her comprehensive decision. We add only the following comments.

At the outset, we observe that to the extent defendants contend that the motion judge denied their motion because they did not prove that they were likely to be successful on the merits, we conclude that the contention is belied by the record. In her comprehensive written decision, the judge never addressed whether defendants established a meritorious defense or a likelihood of success on the merits and relied instead on the factors articulated in Parker.

However, the fact that defendants were not obligated to demonstrate a likelihood of success on summary judgment or a meritorious defense did not relieve them of their obligation to establish an injustice if the judgment was not vacated. Guillaume, 209 N.J. at 484. To establish that injustice, defendants would have to demonstrate that there was a legitimate opposition to the summary judgment motion that their attorney could have filed in order to protect defendants' interests. However, defendants' motion did not contain any statement of the information counsel had in his possession or could have obtained that could have been used to file opposition to the summary judgment motion in 2017.

In her decision, the motion judge concluded only that there were no exceptional circumstances, and defendants were not left without any remedy against their attorney as in <u>Parker</u>, where the plaintiff's complaint was dismissed and his attorney disbarred; and in <u>Jansson</u>, where the plaintiffs' complaint was dismissed following their attorney's "willful[] fail[ure] to abide by his oath." And, defendants here were not blameless by virtue of their admission that for the four years their attorney did not keep them informed, they took no action to replace him or otherwise determine the status of their case. As we have previously observed, we will not find a litigant "blameless" where his "dilemma [is] . . . occasioned by his own dereliction or ambivalence." <u>Parker</u>, 281 N.J. Super. at 595.

In short, we are satisfied, on this record, the motion judge's decision denying relief was not a clear abuse of her discretion. Rather, her decision was grounded in reason and supported by substantial credible evidence in the record. We discern no basis to disturb the judge's determination that she had a reasonable basis to withhold the extraordinary relief under <u>Rule</u> 4:50-1(f).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                    A-5340-17T1