**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2461-23

ZHONGHAI REALTY, LLC,

    Plaintiff-Appellant,

v.

GALAXY TOWERS
CONDOMINIUM ASSN.,

    Defendant-Respondent.

_____

Argued March 25, 2025 – Decided June 5, 2025

Before Judges Gilson, Bishop-Thompson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2352-22.

David E. Tider argued the cause for appellant.

Lisa M. DeRogatis argued the cause for respondent (Law Offices of James H. Rohlfing, attorneys; Lisa M. DeRogatis, on the brief).

PER CURIAM

Plaintiff Zhonghai Realty, LLC appeals from a March 1, 2024 order denying plaintiff's motion to vacate the dismissal of the case with prejudice for failing to file an amended complaint. We affirm.

I.

We glean the facts and procedural history from the motion record, and note that the material facts are not in dispute. On July 19, 2022, plaintiff filed a complaint seeking to recover damages from defendant Galaxy Towers Condominium Association's insurance carrier for damage to plaintiff's property allegedly occurring from Hurricane Ida in September 2021. On October 21, 2022, defendant filed an answer, which contained an affirmative defense that plaintiff's complaint failed to state a claim on which relief could be granted.

On November 1, 2022, defendant filed a motion to dismiss the complaint pursuant to Rule 4:6-2(e), asserting the complaint failed to state a "legally cognizable theory of liability." In opposition to the motion, plaintiff argued the theory of strict liability, and not negligence, but stated that if the court determined dismissal was warranted, it should be without prejudice. On December 6, 2022, the court granted defendant's motion, dismissing the case without prejudice, and stating plaintiff can "seek to amend" the complaint to cure the deficiency. No amended complaint was filed.

On February 13, 2023, defendant filed a second motion to dismiss the complaint with prejudice. Plaintiff filed a cross-motion, seeking to reinstate the matter, and attached an amended complaint. The amended complaint alleged negligence and breach of contract. In the amended complaint, plaintiff asserted defendant was negligent in failing to: (1) maintain the exterior of the building; (2) clean and maintain the storm pipes and sewer pipes; and (3) prepare for the potential water damage associated with Hurricane Ida.

On March 3, 2023[1], the court conducted oral argument on the motion. Thereafter, on March 27, 2023, the court issued an order denying defendant's motion to dismiss with prejudice and instead, granted plaintiff's motion to reinstate the case. The court directed plaintiff to file the amended complaint within ten days of the date of the March 27, 2023 order. Plaintiff did not file the amended complaint as directed.

On May 17, 2023, defendant filed two additional motions: (1) to dismiss the case because plaintiff failed to comply with the March 27, 2023 order and,

_____

[1] The transcript from the March 3, 2023, hearing was not included in the record on appeal.

A-2461-23

alternatively, (2) to compel plaintiff to respond to interrogatories and a notice to produce. Plaintiff did not file opposition.

On June 9, 2023, the court conducted oral argument on the motions. Although plaintiff did not file opposition, the court permitted plaintiff's counsel to explain the reasons for not complying with the court's order. Plaintiff's counsel explained that the delay was because his client had not authorized him to file the amended complaint. Plaintiff's counsel further represented that plaintiff had been visiting China for the last five weeks and was difficult to reach. The court granted defendant's motion to dismiss with prejudice because of plaintiff's failure to file an amended complaint, reasoning that it cannot "keep the case in abeyance with no end date in sight."

On June 28, 2023, plaintiff filed a motion to reinstate the matter pursuant to Rule 1:13-7, which provides for reinstatement of a complaint following a dismissal for lack of prosecution.[2] The court found the motion procedurally deficient, noting that because the case was not administratively dismissed, the motion was improperly brought under Rule 1:13-7. The court stated that plaintiff seemed to be seeking relief under Rule 4:50-1 and that plaintiff needed

---

[2] Rule 1:13-7 provides for dismissal of a case without prejudice for lack of prosecution and allows for reinstatement by consent of the parties or by motion and on good cause shown.

A-2461-23

to provide a legal basis under this Rule for relief from a final judgment. Thus, in an order dated July 24, 2023, the court denied the motion to reinstate the complaint.

In February 2024, plaintiff retained new counsel, who filed a motion to vacate the June 9, 2023 order, which dismissed the case with prejudice. In support of this relief, plaintiff provided a certification from Irfan Alajbegu, an employee of Zhonghai Realty, stating he had decision-making authority for the business, and that plaintiff's prior counsel failed to notify him of the status of the case or seek his authorization regarding the filing of the complaint. Plaintiff also attached a second amended complaint to the motion.

Plaintiff primarily argued that prior counsel erred in his handling of the matter in several ways—none attributable to the client—which led to the dismissal of the case. Defendant argued the court correctly dismissed the case and should not vacate the dismissal for several reasons. Specifically, defendant argued plaintiff lacked standing to challenge an order from an unopposed motion; the present motion was procedurally deficient under Rule 4:50-1

because counsel failed to provide a legal brief; and the motion lacked substantive merit.

The court found the motion both procedurally and substantively lacking. While plaintiff failed to comply with Rule 4:50-1 by not submitting a legal brief or identifying the legal basis for relief from a final order, the court addressed the argument of excusable neglect and exceptional circumstances. R. 4:50-1(a) and (f). The court found "the mere carelessness or lack of proper diligence on the part of an attorney" is insufficient to warrant relief from an adverse judgment. The court did not find exceptional circumstances either, which may have justified relief. Thus, on March 1, 2024, the court denied the motion to vacate the June 9, 2023 order. This appeal followed.

On appeal, plaintiff raises the following points, which it articulates as follows:

> POINT I: THE TRIAL COURT ERRED IN FAILING TO FIND THAT DEFENDANT WAS NEGLIGENT. (NOT RAISED BELOW).
>
> POINT II: DEFENDANT HAD AN OBLIGATION TO PREPARE FOR HURRICANE IDA.
>
> POINT III: THE MATTER SHOULD BE REOPENED PURSUANT TO RULE 4:50-1 TO AVOID A MISCARRIAGE OF JUSTICE.

6

Plaintiff's primary contention is that the court erred in not granting it relief from the final order dismissing its case with prejudice and not permitting plaintiff to file its amended complaint. Based on our review of the record and the governing law, we discern no abuse of discretion by the court and affirm.

## II.

"The decision whether to vacate a [final] judgment on one of the six specified grounds [under Rule 4:50-1] is a determination left to the sound discretion of the trial court, guided by principles of equity." F.B. v. A.L.G., 176 N.J. 201, 207 (2003). Appellate courts review such decisions for a clear abuse of discretion. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994); see U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (a trial court's determination under Rule 4:50-1 "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion"). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Guillaume, 209 N.J. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Further, we generally decline to consider issues not raised before the trial court unless those issues go to the jurisdiction of the court or concern matters of

substantial public interest. <u>Nieder v. Royal Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973). While plaintiff attempts to argue the merits of its case, the issue before us on appeal is whether the court abused its discretion in denying plaintiff's motion to vacate the June 9, 2023 order dismissing plaintiff's case with prejudice.

Our analysis begins with <u>Rule</u> 4:50-1, which "provides the mechanism by which a party may obtain relief from a final judgment or order:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under <u>R.</u> 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order."
>
> [<u>F.B. v. A.L.G.</u>, 176 N.J. at 207.]

"Relief [from a final judgment or order] is granted sparingly." <u>Ibid.</u> (citing Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 1.1 following <u>R.</u> 4:50-1

(2003); Little, 135 N.J. at 283-84.  A court's decision regarding whether to vacate a final judgment "will be left undisturbed 'unless it represents a clear abuse of discretion.'" Ibid. (quoting Little, 135 N.J. at 283).

Here, plaintiff reargues excusable neglect and exceptional circumstances as the reasons justifying relief from the final order.  However, plaintiff fails to identify how the court erred in its analysis or abused its discretion in rejecting these claims.  Initially, defendant contends that because plaintiff failed to oppose the original motion resulting in the June 9, 2023 order, plaintiff lacked standing to file the motion to vacate that order.

We begin by addressing whether the court erred in its determination that the motion was procedurally deficient.  The June 9, 2023 order, dismissing plaintiff's complaint with prejudice, states that defendant's motion was unopposed.  However, during oral argument on June 9, 2023, plaintiff's counsel was permitted to argue in opposition to the motion even though no opposition had been filed.

Then, on March 1, 2024, during oral argument of the motion to vacate the June 9, 2023 order, plaintiff's new counsel acknowledged that plaintiff's prior counsel did not file opposition to the motion resulting in the June 9, 2023 order. Defendant argued that plaintiff had no standing to file the motion because no

9

opposition to the underlying order had been filed. While the court did not address the standing issue, the court did find that plaintiff failed to submit a legal brief addressing the basis entitling plaintiff to relief from the judgment. The court explained that <u>Rule</u> 4:50-1 requires a party seeking relief from a final judgment or order to file a "motion, with briefs," setting forth the basis for the relief sought. Given those proceedings, we are satisfied the court did not abuse its discretion in finding the motion to vacate the June 9, 2023 order was procedurally deficient.

As to the merits of plaintiff's application, plaintiff contends it was entitled to relief under subsections (a), excusable neglect and (f), exceptional circumstances of <u>Rule</u> 4:50-1. Under subsection (a), plaintiff asserts excusable neglect justifies relief because plaintiff failed to respond to its attorney's emails and authorize the filing of the amended complaint. Therefore, counsel was unable to comply with the March 27, 2023 order.

Subsection (a) addresses the category of claims under excusable neglect. <u>R.</u> 4:50-1(a). "'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" <u>Guillaume</u>, 209 N.J. at 468 (quoting <u>Mancini v. EDS</u>, 132 N.J. 330, 335 (1993)); <u>see also</u> <u>Baumann v. Marinaro</u>, 95 N.J. 380, 394

(1984) (finding that "mere carelessness or lack of proper diligence on the part of an attorney is ordinarily not sufficient to entitle his clients to relief from an adverse judgment" (quotation omitted)).

Here, plaintiff claims the inability to reach the client and lack of communication impaired counsel's ability to file the amended complaint as directed in the March 27, 2023 order. Plaintiff's counsel sent email communications to plaintiff on June 9 and June 15, 2023, advising plaintiff that the case had been dismissed, and the record is void of any response from plaintiff. Plaintiff offered no explanation for its failure to respond to these emails and did not assert that the failure to respond was an honest mistake or justifiable neglect. Moreover, as defendant argues, the amended complaint did not require plaintiff's signature. In relying on Guillaume, the court properly found that "mere carelessness or lack of proper diligence" is an insufficient basis for entitling a client to relief. Guillaume, 209 N.J. at 468. Thus, the court concluded plaintiff provided no basis for the court to find excusable neglect under subsection (a) of Rule 4:50-1. We discern no abuse of the court's discretion in that decision.

Plaintiff also relies on subsection (f), the catch-all category, "which permits relief in 'exceptional circumstances.'" LVNV Funding, LLC v.

11                                                                    A-2461-23

Deangelo, 464 N.J. Super. 103, 109 (App. Div. 2020) (quoting Guillaume, 209 N.J. at 484). "[S]ubsection (f)'s boundaries are 'as expansive as the need to achieve equity and justice.'" Ibid. (quoting Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1977)). A court must "reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Manning Eng'g, Inc. v. Hudson Cty. Park Comm'n, 74 N.J. 113, 120 (1977).

The movant must show that the circumstances are exceptional and that enforcement of the order or judgment would be unjust, oppressive, or inequitable. Guillaume, 209 N.J. at 484. To determine whether exceptional circumstances exist to warrant relief, the court considers the following factors: "(1) the extent of the delay in making the application; (2) the underlying reason or cause; (3) the fault or blamelessness of the litigant; and (4) the prejudice that would accrue to the other party." Parker v. Marcus, 281 N.J. Super. 589, 593 (App. Div. 1995) (citing Jansson v. Fairleigh Dickinson Univ., 198 N.J. Super. 190, 195 (App. Div. 1985), superseded on other grounds by statute, R. 4:23-5)).

Again, plaintiff fails to set forth how the court erred in not granting relief under subsection (f) of Rule 4:50-1. Plaintiff seems to argue that the strength of its case alone warrants relief.

Arguably, plaintiff's contentions on appeal pertaining to its claim of negligence and defendant's duty of care aim to establish a theory of liability for its complaint. However, such contentions are premature. Moreover, plaintiff's theory of liability had changed. In its initial complaint, plaintiff claimed strict liability and in the amended complaint, plaintiff alleged negligence and breach of contract. Plaintiffs' bare assertions regarding these alleged claims do not establish exceptional circumstances warranting relief under Rule 4:50-1(f). As the court concluded, plaintiff failed to set forth any exceptional circumstances to warrant relief from the final order.

Throughout the litigation, the court provided plaintiff with sufficient opportunities to amend its pleadings, refile its application, and provide legal justification for the relief sought. Plaintiff waited approximately seven months from the entry of the July 24, 2023 order before it refiled its motion seeking to vacate the order of dismissal. Again, the motion was deficient. Plaintiff offered no explanation as to the reasons for the delay or described any intervening events which prevented more immediate action. Thus, the record amply supports the court's determination that no exceptional circumstances under subsection (f) of Rule 4:50-1 existed to justify relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

13