**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3197-24

LISA CAUSEVIC,

    Plaintiff-Respondent,

v.

SAMIR CAUSEVIC,

    Defendant-Appellant.

_____

Submitted May 4, 2026 – Decided May 26, 2026

Before Judges Walcott-Henderson and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-1613-22.

Solop Bondarowicz & Gargulinski, LLC, attorneys for appellant (John A. Bonino, of counsel and on the brief).

Lisa Causevic, self-represented respondent.

PER CURIAM

    Defendant Samir Causevic appeals from a post-judgment Family Part

order granting plaintiff Lisa Causevic's motion to reopen their Final Judgment

of Divorce ("FJD") to enforce a pendente lite order that awarded her support and a separate order that awarded her counsel fees. Defendant further challenges the court's subsequent order denying reconsideration. Based on our review of the record and applicable legal principles, we affirm for the reasons set forth by Judge Natalie M. Watson in her thorough written decisions.

I.

Plaintiff and defendant married in 2016 and share three unemancipated children. Plaintiff filed a Complaint for Divorce in June 2022. During the pendency of the divorce, the parties engaged in extensive litigation regarding custody, parenting time, and financial support, including several motions. On January 30, 2023, the court granted plaintiff's motion for pendente lite relief and ordered defendant to pay plaintiff $380 per week in pendente lite spousal support and $85 per week in pendente lite child support, effective August 8, 2022. In a separate order entered in July 2023, the court also required defendant to pay plaintiff $1,967.50 towards her counsel fees for failure to provide discovery.

Thereafter, on August 31, 2023, the parties entered into a Marital Settlement Agreement ("MSA"), which the court incorporated into the FJD entered the same day. In pertinent part, the MSA provided defendant would pay plaintiff a lump sum of $135,000 in exchange for plaintiff's waivers of alimony,

A-3197-24

her interest in the marital residence, defendant's pension, the parties' bank accounts and other assets. The MSA also included integration and waiver clauses stating that the agreement represented the parties' entire understanding and that all prior claims were fully settled.

After the FJD was entered, a Uniform Summary Support Order ("USSO") was generated by the court on March 28, 2024, terminating defendant's child support account and stating that arrears were paid in full. However, plaintiff discovered that certain pendente lite arrears and counsel fees had not been paid and were not properly reflected in the USSO.

In April 2024, plaintiff moved to amend the FJD and reinstate and enforce the pendente lite spousal and child support arrears of $13,596.02 and the previously awarded counsel fees of $1,967.50. Plaintiff asserted these obligations were not waived in the MSA and had not been satisfied by defendant.

Defendant opposed, arguing that plaintiff's application was untimely under Rule 4:49-2 and contrary to the plain terms of the MSA and the March 28, 2024 USSO was appropriately entered. He contended that the MSA's language—specifically the waiver of "all claims past, present and future for alimony"—encompassed all pendente lite support arrears. Defendant further

A-3197-24

asserted that the MSA's integration clause barred any further claims, including the counsel fees previously awarded to plaintiff in the July 2023 order.

In its written decision, the court initially analyzed the contractual terms of the MSA and found the language in the MSA concerning "past alimony" and "arrears" were not synonymous. The court emphasized that "arrears" refers to amounts ordered and unpaid under prior court orders, while "past alimony" pertains to amounts of alimony that could have been ordered but were not. Upon reviewing the plain language, the court determined that the parties had treated "arrears" and "past alimony" as separate and distinct categories and in the alternative, the terms were ambiguous that required consideration of extrinsic evidence—including draft versions of the MSA submitted by plaintiff. Specifically, after considering extrinsic evidence, the court noted that the defendant had attempted to bargain for a waiver of pendente lite arrears in addition to past alimony, but the final agreement only waived claims for past, present, and future alimony, not the pendente lite support arrears already entered by the court.

The court also addressed whether relief was appropriate pursuant to Rule 4:50-1(f), which permits a court to set aside a judgment for "any other reason justifying relief from the operation of the judgment or order." The court found

A-3197-24

the rule was applicable because interpreting the MSA as argued by defendant would result in a "grave injustice." Specifically, the court noted that the defendant had repeatedly violated court orders and delayed proceedings, which placed the plaintiff at a financial disadvantage. The court reasoned that a finding of that nature would undermine fairness and the purpose of pendente lite orders if a party could simply disregard court-ordered obligations and then attempt to erase those debts through ambiguous contractual language. Because the defendant had not satisfied the pendente lite arrears of $13,596.02 and the previously ordered counsel fees of $1,967.50, the court ordered enforcement of these obligations and instructed Probation to update its records to reflect the arrears owed and denied the defendant's requests for reimbursement and additional counsel fees. The court denied defendant's subsequent motion for reconsideration finding defendant failed to meet the standards of Rule 4:49-2.

On appeal, defendant contends the family court erred by: (1) denying his motion to bar consideration of plaintiff's motion as untimely under Rule 4:49-2; (2) reopening the FJD and enforcing the pendente lite support arrears and counsel fees established by orders entered prior to the FJD; and (3) denying reconsideration.

5

## II.

Matrimonial settlement agreements are governed by basic contract principles and courts should discern and implement the parties' intentions. J.B. v. W.B., 215 N.J. 305, 326 (2013). "It is not the function of the court to rewrite or revise an agreement when the intent of the parties is clear." Quinn v. Quinn, 225 N.J. 34, 45 (2016) (citing J.B., 215 N.J. at 326). "Accordingly, [MSAs] should be enforced so long as they are consensual, voluntary, conscionable, and not the result of fraud or overreaching." Satz v. Satz, 476 N.J. Super. 536, 551 (App. Div. 2023).

We review de novo a trial court's interpretation of a contract. Fastenberg v. Prudential Ins. Co. of Am., 309 N.J. Super. 415, 420 (App. Div. 1998). "The determination of whether a contract term is clear or ambiguous is a pure question of law requiring plenary review." In re Teamsters Indus. Emp. Welfare Fund, 989 F.2d 132, 135 (3d Cir. 1993). "The plain language of the contract is the cornerstone of the interpretive inquiry; 'when the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result.'" Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 616 (2020) (quoting Quinn v. Quinn, 225 N.J. 34, 45 (2016)).

"It is well-settled that '[c]ourts enforce contracts based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract.'" In re Cnty. of Atlantic, 230 N.J. 237, 254 (2017) (alteration in original) (quoting Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 99 (2014)) (internal quotation marks omitted).

We first address the court's decision to reopen the FJD. We review a court order reopening a final judgment under Rule 4:50-1 for an abuse of discretion. 257-261 20th Ave. Realty, LLC v. Roberto, 259 N.J. 417, 436 (2025); BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 124 (App. Div. 2021). An abuse of discretion occurs when the trial court's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Savage v. Township of Neptune, 472 N.J. Super. 291, 313 (App. Div. 2022), aff'd in part, rev'd in part, 257 N.J. 204 (2024) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

7

Rule 4:50-1(f)—which the court based its ruling on to reopen the FJD—is a "catch-all" provision incapable of categorization. DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009). It allows for relief in "exceptional situations" where hardship has been shown and, as such, its "boundaries 'are as expansive as the need to achieve equity and justice.'" Roberto, 259 N.J. at 436 (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 290 (1994)). We have further recognized "important factors" to be considered in deciding whether relief in such circumstances should be granted, including "(1) the extent of the delay in making the application; (2) the underlying reason or cause; (3) the fault or blamelessness of the litigant; and (4) the prejudice that would accrue to the other party." Parker v. Marcus, 281 N.J. Super. 589, 593 (App. Div. 1995). Equitable principles should guide the court's analysis regardless of the subsection. MTAG v. Tao Invs., LLC, 476 N.J. Super. 324, 333 (App. Div. 2023) (quoting F.B. v. A.L.G., 176 N.J. 201, 207 (2003)).

"Rule 4:50-2 provides the time frame within which a motion seeking relief under Rule 4:50-1 must be filed." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). Pursuant to Rule 4:50-2, motions under "subsections (d), (e) and (f) must be brought within a 'reasonable time,' . . .

depending on the circumstances." Ibid. "[A] reasonable time is determined based upon the totality of the circumstances." Ibid.

We next examine the relevant portions of the MSA defendant claims were clear and unambiguous to support his argument that the court erred by reopening the FJD and granting enforcement of the prior pendente lite support and counsel fee awards. Paragraph 4.2 of the MSA states:

> Commencing the execution date of this Marital Settlement Agreement, Husband shall pay Wife the sum of $135,000.00 in exchange for Wife waiving her interest in the former marital residence, alimony, Wife waiving claim as to Husband's pension, bank accounts, and personalty, and any and all claims for Wife waiving her interests in the aforementioned marital assets, Husband waives any and all claims he may have against Wife's T. Rowe Price, retirement account, bank accounts, and personalty. Upon receipt of the Wife receiving the sum articulated herein, she waives all claims past, present, and future for alimony, including but not limited to Open Durational Alimony, Limited Durational Alimony, Rehabilitative Alimony, and Reimbursement Alimony.

Paragraph 3.1 of the MSA provided that defendant's child support obligation would commence upon entry of the Final Judgment of Divorce.

Paragraph 11.36 of the MSA states in pertinent part:

> The parties have incorporated into this Agreement their entire understanding, and no oral statements or prior written matters extrinsic to this Agreement shall have force or effect. This Agreement supersedes all

A-3197-24

> contracts, arrangements, and commitments, and offers of every kind or nature, oral or written, at any time heretofore made by the parties . . . .

Paragraph 11.7 of the MSA states "the settlement embodied in this Agreement is in all respects acceptable to her and that, therefore, she accepts these provisions in full and final settlement and satisfaction of all claims and demands and fully discharges Husband from all such claim and demands."

Based on our de novo review of the MSA, we conclude defendant's arguments are without sufficient merit to warrant extended discussion in a written opinion and affirm based on the court's copious factual findings and thorough legal analysis. We add only that we concur with the court's reasoning that found the terms in the MSA related to "arrears" and "past alimony" as separate and distinct categories. We further agree, at the least, these terms were ambiguous and the consideration of extrinsic evidence was appropriate, including consideration of the earlier drafts of the MSA. In the earlier versions of the MSA, there was proposed language stating wife is "waiving . . . her claim as to all pendente lite arrears," and that language was removed from the final version of the MSA, clearly showing the pendente lite support arrears were not intended to be waived in the MSA.

We further conclude the integration clause in the MSA did not serve to vacate the court's July 2023 order that awarded plaintiff counsel fees, and as such was not specifically waived by clear language in the MSA.

We further determine the court's reliance on Rule 4:50-1(f) to reopen the FJD and order enforcement of the prior pendente lite order and counsel fee award was not in error. Plaintiff moved to reopen the FJD approximately seven months after it was entered and approximately four months after the USSO was generated, vacating the support arrears. We deem the above periods from the date of the entry of the FJD and USSO to the filing date of the plaintiff's motion to be within a reasonable time under Rule 4:50-2.

We further determine plaintiff satisfied the exceptional circumstances standard required by the rule based on her reasonable belief that the terms in the prior orders were separate and would survive the execution of the MSA and entry of the FJD. Once plaintiff was informed defendant disagreed and was unwilling to voluntarily pay those court ordered obligations, she moved to amend the FJD and enforce those orders. Defendant's assertion that the court should not have considered the earlier draft of the MSA specifically removing the waiver of pendente lite arrears is meritless and in complete contradiction to the evidence in the record.

11

We further deem defendant's contention that <u>Rule</u> 4:49-2 barred plaintiff's motion as untimely to be equally meritless. We conclude plaintiff's motion was clearly not seeking reconsideration of the FJD but was requesting to reopen the FJD, pursuant to <u>Rule</u> 4:50-1, in order to modify or supplement the FJD to enforce the support arrears and counsel fee award that defendant was obligated to pay under the January and July 2023 orders.

Lastly, we turn to defendant's contention that the court erred in denying reconsideration. We review a trial court's decision on a motion for reconsideration under an abuse of discretion standard. <u>Cummings v. Bahr</u>, 295 N.J. Super. 374, 389 (App. Div. 1996). Since we have determined the court did not err by reopening the FJD and enforcing the prior pendente lite support and attorney fee awards, its denial of defendant's reconsideration motion was not an abuse of discretion.

To the extent we have not addressed any of defendant's remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

12

A-3197-24