# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3433-23

Y.G.,

    Plaintiff-Appellant,

v.

BOARD OF EDUCATION FOR
THE TOWNSHIP OF TENECK,
LENNOX SMALL, and
CHARLES CLARK,

    Defendants-Respondents.

---

Argued May 7, 2025 – Decided September 4, 2025

Before Judges Currier, Marczyk, and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0857-21.

Michael S. Stein argued the cause for appellant (Pashman Stein Walder Hayden, PC, attorneys; Michael S. Stein, of counsel and on the briefs).

Sean M. Pena argued the cause for respondent Board of Education for the Township of Teaneck (Weiner Law

Group LLP, attorneys; Sean M. Pena, of counsel and on the brief; Michelle Yang, on the brief).

Ernesto Cerimele argued the cause for respondents Lennox Small and Charles Clark (Klingeman Cerimele, attorneys, join in the brief of respondent Board of Education for the Township of Teaneck).

PER CURIAM

Plaintiff Y.G.[1] appeals from the trial court's July 1, 2024 order denying her motion—pursuant to Rule 4:50-1(e) and (f)—to vacate the court's July 23, 2021 judgment entered in favor of the Board of Education for the Township of Teaneck (Board), Lennox Small, and Charles Clark (collectively defendants). Following our review of the record and the applicable legal principles, we affirm.

I.

This matter stems from plaintiff's 2008 complaint (2008 complaint) against defendants and defendant James Darden, resulting in a default judgment against Darden and dismissal of plaintiff's claims against defendants with prejudice. Plaintiff alleged Darden and defendants violated the Child Sexual Abuse Act (CSAA), N.J.S.A. 2A:61B-1, for which she sought damages.

---

[1] We use initials and pseudonyms to protect the privacy of the victim. R. 1:38-3(c)(9).

Plaintiff asserted she was a thirteen-year-old middle school student in 2000 when Darden, a teacher at the middle school, sexually abused her on numerous occasions, which continued until she was a sophomore in high school. She contended the Board, standing in loco parentis to its students, had a heightened duty to protect her and provide proper supervision but instead placed Darden in a position to perpetrate illegal acts against her. She further claimed the Board placed Small, a teacher at the middle school, and Clark, the Dean of Discipline, in positions to protect minors and reasonably implement policies and procedures for students' safety. Plaintiff alleged defendants qualified as "passive abusers" under the CSAA because they acquiesced, knew, or should have known of Darden's abusive actions and failed to protect her.

Plaintiff successfully obtained a default judgment against Darden in 2010, in the amount of $1,000,000, plus $250,000 in punitive damages, attorney's fees, and reimbursement for medical expenses. Thereafter, defendants moved for summary judgment. The trial court granted defendants' motion in 2009 (2009 order).

On appeal, this court affirmed the December 2009 order granting summary judgment to defendants, noting the Board was not a "household" for the purpose of the CSAA. Y.G. v. Bd. of Educ. for Twp. of Teaneck, No. A-

5146-09 (App. Div. Apr. 19, 2011) (slip op. at 6-7). The Supreme Court denied certification. Y.G. v. Bd. of Educ. for Twp. of Teaneck, 208 N.J. 372 (2011).

In 2019, the Legislature enacted the Child Victims Act (CVA), N.J.S.A. 2A:14-2(a) to -2(c). The CVA "extend[ed] the statute of limitations in civil actions for sexual abuse claims," "create[d] a two-year window for parties to bring previously time-barred actions based on sexual abuse," and "expand[ed] the categories of potential defendants in civil actions" by removing the "household" setting requirement for passive abuser liability. S. Judiciary Comm. Statement to S. 477 (Mar. 7, 2019). The Legislature stated that "a cause of action . . . based on the expanded liability against a 'passive' abuser . . . is intended to only apply prospectively." Ibid. The Legislature further declared the CVA "shall apply to any cause of action filed on or after [the enactment date], as well as any cause of action filed prior to that effective date that has not yet been finally adjudicated or dismissed by a court as of that effective date." A. 5392 (2019) (codified at N.J.S.A. 2A:53A-7.5).

In 2020, after the CVA was enacted, plaintiff filed another complaint naming the same defendants from the first lawsuit, except for Darden. The 2020 complaint alleged similar facts as the 2008 complaint and asserted several common law claims including: negligent supervision; negligent hiring and

4

retention; gross negligence; intentional infliction of emotional distress; breach of fiduciary duty; and punitive damages.

In 2021, defendants moved to dismiss the complaint, arguing the doctrine of res judicata and the entire controversy doctrine (ECD) barred plaintiff from asserting tort claims based on the same facts as the 2008 complaint because the 2009 order dismissing them with prejudice constituted a final adjudication of this matter. In July 2021, the trial court granted defendants' motion and denied plaintiff's reconsideration motion in September 2021.

On appeal, this court affirmed both orders, finding the doctrine of res judicata and the ECD barred plaintiff from bringing a tort action after the adjudication of the 2008 complaint. Y.G. v. Bd. of Educ. for Twp. of Teaneck, No. A-0322-21 (App. Div. Dec. 28, 2022) (slip op. at 4). We noted the Legislature did not intend to provide victims of sexual abuse with a second opportunity to litigate their claims. Id. at 14. The Supreme Court again denied certification. Y.G. v. Bd. of Educ. for Twp. of Teaneck, 245 N.J. 175 (2023).

Plaintiff retained new counsel and subsequently sought relief from the July 2021 court order based on Rule 4:50-1(e) and (f). On July 1, 2024, the court denied plaintiff's application. This appeal followed.

Plaintiff argues res judicata and the ECD should not bar her 2020 complaint because she should not be penalized for her first attorney's negligence in failing to assert tort claims in the 2008 complaint and for her second attorney's negligence in failing to address the 2008 attorney's negligence in the 2020 complaint. She contends the trial court and this court "unfairly and erroneously" dismissed her 2020 complaint because both courts failed to consider her first attorney's negligence was the "obvious cause" for the dismissal. Plaintiff principally relies on Jansson v. Fairleigh Dickinson University, 198 N.J. Super. 190 (App. Div. 1985), and Audubon Volunteer Fire Co. No. 1 v. Church Construction Co., Inc., 206 N.J. Super 405 (App. Div. 1986), for the proposition that clients should not be forced to bear the consequences of their counsel's errors. She further contends this court's decision in Parker v. Marcus recognized an attorney's negligence may be grounds for vacating a prior judgment under Rule 4:50-1(f). 281 N.J. Super. 589 (App. Div. 1995).

Plaintiff also maintains this court's decision in 2022, affirming the dismissal of the 2020 complaint, was erroneous and void of any "consideration whatsoever for either the blatant negligence" of her first and second attorney or "the extraordinary changes in the law" under the 2019 amendment. She avers

the 2019 legislation constituted a significant change in substantive law warranting relief under Rule 4:50-1(e). She contends our dismissal of her tort claims was unjust because it disregarded the "Legislature's clear intent" to expand the recourse for victims of child sexual abuse.

Plaintiff argues the 2019 amendment "prospectively repealed the CSAA provision" requiring passive sexual abusers to be within the household, eliminated the Tort Claims Act's (TCA) two-year statute of limitations for bringing suits against public entities, and provided "a two-year window" to file suits for sexual abuse occurring prior to the law's effective date. She also claims the dismissal of her 2020 complaint based on the ECD and res judicata, and the trial court's denying her relief under Rule 4:50-1 in this matter, was inconsistent with the purpose of the 2019 amendment.

A trial court's decision to deny a motion to vacate a judgment under Rule 4:50-1 "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). "[A] trial court [also] mistakenly

exercises its discretion when it 'fail[s] to give appropriate deference to the principles' governing the motion" it is deciding. BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 124 (App. Div. 2021) (second alteration in original) (quoting Davis v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 100-01 (App. Div. 1998)). An appellate court "review[s] issues of statutory interpretation de novo." Kocanowski v. Twp. of Bridgewater, 237 N.J. 3, 9 (2019).

Rule 4:50-1 "is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Baumann v. Marinaro, 95 N.J. 380, 392 (1984) (quoting Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n., 74 N.J. 113, 120 (1977)). More specifically, Rule 4:50-1(f) is a catch-all provision that authorizes a court to relieve a party from a judgment or order for "any other reason justifying relief from the operation of the judgment or order." The essence of subsection (f) is to achieve equity and justice in only truly exceptional circumstances that cannot be easily categorized among the other subsections of the Rule. DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009). However, the motion must "be made within a reasonable time." R. 4:50-2.

A-3433-23

An attorney's error, misconduct, or incompetence may, in appropriate circumstances, constitute exceptional circumstances warranting relief under Rule 4:50-1(f) but such instances "are relatively rare in the legal profession." Jansson, 198 N.J. Super. at 194, 196. Nevertheless, this court observed "the sins or faults of an errant attorney should not be visited upon his client absent demonstrable prejudice to the other party." Id. at 194. Although "litigants are generally held bound by the mistaken as well as the sound procedural determinations of their counsel," this general rule should "be applied rationally and with fair recognition of the fact that justice to the litigants is always the polestar." Martindell v. Martindell, 21 N.J. 341, 349 (1956). In determining whether exceptional circumstances exist to warrant relief, and whether the procedural rules should be relaxed to achieve fairness and justice, courts will consider: "(1) the extent of the delay, (2) the underlying reason or cause, (3) the fault or blamelessness of the litigant, and (4) the prejudice that would accrue to the other party." Jansson, 198 N.J. Super. at 195.

Rule 4:50-1(e) permits a court to grant relief from a judgment when "it is no longer equitable that the judgment or order should have prospective application." Our Supreme Court has recognized this Rule is "rooted in changed circumstances that call the fairness of the judgment into question." DEG, LLC,

198 N.J. at 265-66.  The Court has looked to federal jurisprudence to ascertain the meaning of Rule 4:50-1(e) and observed the federal counterpart to our Rule follows a stringent standard where the moving party has the burden of showing "'events have occurred subsequent to the entry of a judgment that, absent the relief requested, will result in "extreme" and "unexpected" hardship.'" Id. at 266 (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 285 (1994)).

On July 1, 2024, the court issued a comprehensive, well-reasoned forty-two-page written opinion and accompanying order denying plaintiff's motion to vacate the 2021 order.  After recounting the extensive procedural history of this case, the court acknowledged the serious allegations of plaintiff's prior complaints, but noted defendants had been dismissed with prejudice twice, both times affirmed by this court, and certification was denied each time by our Supreme Court.  It determined that allowing the case to proceed after sixteen years of litigation would be "unprecedented, unjust, and unfair."

The court rejected plaintiff's argument that the enactment of the CVA constituted changed circumstances warranting relief under Rule 4:50-1(e).  It stated plaintiff reiterated her arguments from her opposition to defendants' 2020 motion to dismiss and her appeal of the court's 2021 order.  The court indicated the Legislature considered this exact issue and expressly precluded individuals

from reviving matters that "had already been decided and fully litigated." It noted the September 2021 trial court decision denying her motion for reconsideration stated the 2019 amendment did not apply to plaintiff because the 2008 lawsuit was fully adjudicated. The court concluded plaintiff did not assert all her claims in the 2008 lawsuit, and therefore, res judicata and the ECD barred her from bringing tort claims in the 2020 complaint, and "the Appellate Division affirmed the [t]rial [c]ourt's decision on these issues."

The court was further unpersuaded by plaintiff's contention that her first attorney's failure to assert tort claims in the 2008 lawsuit constituted "exceptional circumstances" under Rule 4:50-1(f). The court found plaintiff's position "opens the door for [her] to assert those never-before-asserted claims" and "calls for an extreme measure of judicial intervention[] . . . equivalent to a 'Hail Mary' pass . . . ." It further noted that assuming plaintiff's prior attorneys were negligent, plaintiff failed to present any "precedential authority" to support the argument that this alleged negligence rose to the level of exceptional circumstances under Rule 4:50-1(f). The court distinguished Jansson and Parker, finding those matters involved situations where the plaintiffs promptly took action to revive a claim that was involuntarily dismissed and that in those cases, "our courts . . . intervene[d] and reinstate[d]" the complaints in the interest

11

of justice. It further found plaintiff failed to cite any authority to support her argument that the judgment dismissing defendants should be vacated because plaintiff's prior counsel was negligent in not "asserting all potential causes of action that could have been asserted." The court noted plaintiff's recourse was a malpractice action, not vacating a sixteen-year-old judgment.

The court proceeded to address the factors set forth in Jansson. It found the extent of delay weighed heavily against plaintiff because she did not raise the issue of her first attorney's alleged negligence at any point in the 2008 or 2020 lawsuits. It indicated defendants were entitled to finality, and a delay of sixteen years to assert attorney negligence was not reasonable. Under the second factor, it determined the underlying reason for delay was not entirely clear but weighed against plaintiff.

The court found factor three was neutral, noting plaintiff "cannot be blamed or held at fault" for her 2008 attorney failing to assert tort claims. The court, however, determined plaintiff could have proceeded against her 2008 attorney for malpractice when she "discovered [the] facts" regarding the negligence, because she certainly knew her level of dissatisfaction with her attorney's performance. Lastly, the court concluded the prejudice to defendants

12

under the fourth factor weighed heavily against plaintiff. It found the prejudice to defendants would be great because "this matter has carried on for 16 years."

The court held that granting relief under these circumstances would contradict "the express language of the relevant statute, the ECD, and res judicata, which promote[d] the concepts of finality and repose." It concluded plaintiff failed to demonstrate "exceptional circumstances" to warrant relief under Rule 4:50-1(f).

We affirm substantially for the reasons set forth in the court's opinion. We add the following. Plaintiff's reliance on Jansson, Audubon, and Parker in support of vacating the 2021 judgment under Rule 4:50-1(f) is misplaced because these cases bear no similarity to the circumstances presented here.

In Jansson, the plaintiffs provided their interrogatory answers to their attorney, who then failed to serve them on the defendants by the applicable deadline, resulting in the dismissal of the plaintiffs' complaint. 198 N.J. Super. at 192-93. The attorney received the dismissal order, never moved to vacate, and then "repeatedly misrepresented that the trial was imminent when [the] plaintiffs inquired as to the status of the case." Id. at 193. The matter remained dormant until the plaintiffs dismissed their attorney and retained new counsel who promptly moved to reinstate the complaint. Ibid. This court set forth the

13

factors outlined above, reversed the trial court order, and vacated the dismissal of the plaintiffs' complaint.  Id. at 195-97.

In Parker, this court applied the Jansson analysis to the dismissal of the plaintiff's complaint after the plaintiff failed to appear for arbitration.  281 N.J. Super. at 591.  The plaintiff's attorney, however, never notified the plaintiff to appear and thereafter misrepresented the status of the ongoing progress of the litigation.  Id. at 591-92.  We rejected the defendant's argument that reinstatement of the complaint was unduly prejudicial, reversed the dismissal, and remanded the case for further proceedings.  Id. at 595.

In Audubon, despite being actively engaged in settlement negotiations and the plaintiff's counsel consenting to an extension of time for the defendant to answer, the trial court required the defendant to file a formal motion to file a late answer.  206 N.J. Super. at 405-06.  The motion was unopposed, but the court denied it notwithstanding a lack of prejudice to the plaintiff.  Id. at 406.  This court reversed noting, "We appreciate the desirability of the prompt disposal of cases.  Courts should not forget, however, that they merely provide a disinterested forum for the just resolution of disputes."  Ibid.  Moreover, we commented:  "Ordinarily, the swift movement of cases serves the parties' interests, but the shepherding function we serve is abused by unnecessarily

14

closing the courtroom doors to a litigant whose only sin is to retain a lawyer who delays filing an answer during settlement negotiations." Ibid.

We did not suggest in those cases that a plaintiff who was aggrieved by alleged attorney negligence in a matter otherwise adjudicated on the merits had recourse under Rule 4:50-1(f). Jansson, Audubon, and Parker involved procedural missteps, where the attorneys' errors were remedied by the reinstatement of the claims, and there was no prejudice to the adversary. In addition, those cases were not resolved on the merits. In contrast, plaintiff here seeks to revisit the 2008 and 2020 dismissals—cases which were fully adjudicated. To the extent there exist viable causes of action against plaintiff's prior attorneys, plaintiff could have pursued a legal negligence action.

We conclude the record amply supports the court's determination that no exceptional circumstances were demonstrated under Rule 4:50-1(f), and the court did not misapply its discretion in denying plaintiff's motion.

We likewise conclude the court did not err in analyzing plaintiff's claims under Rule 4:50-1(e). We previously determined the 2019 amendments expanding the statute of limitations did not apply to plaintiff. Y.G., No. A-0322-21, slip op. at 5. Plaintiff mischaracterizes the legislation, and her position is belied by the Legislature's express intent to apply the 2019 amendment

15

prospectively. Similarly, the 2019 amendment expanding the statute of limitations under the TCA "shall apply to . . . any cause of action filed prior to that effective date <u>that has not yet been finally adjudicated or dismissed</u> by a court as of that effective date." N.J.S.A. 2A:53A-7.5 (emphasis added).

This matter was adjudicated over sixteen years ago. The Legislature did not afford litigants with a second opportunity to litigate their claims years after a final adjudication. Consequently, plaintiff has not demonstrated entitlement to relief under the stringent standard of <u>Rule</u> 4:50-1(e). Accordingly, we discern no reason to disturb the trial court's order.

To the extent we have not specifically addressed any remaining arguments raised by plaintiff, we conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3433-23